UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO TOWNSEND,<br><br>              Plaintiff,<br><br>vs.<br><br>S. GILL, M.D., et al.,<br><br>              Defendants | Case No. 1:14 cv 00098 AWI  GSA<br><br>FINDING AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

1

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

Plaintiff, a resident housed at Coalinga State Hospital, brings this civil rights action against S. Gill, M.D. and a Psychiatric Technician, employees of the California Department of Mental Health at Coalinga.

Plaintiff claims that he is being medicated against his will.  Plaintiff alleges that, although he is being involuntarily medicated pursuant to an order of the Fresno County Superior Court, the request to involuntarily medicate plaintiff was based upon lies and slander.  Plaintiff alleges that the lies include findings that Plaintiff is dangerous, that he "took a fighting stance" and that he cursed at people.   Plaintiff claims that Dr. Gill, a psychiatrist, is basing his request to forcibly medicate Plaintiff on the same falsehoods that doctors at Atascadero State Hospital used.

### A.  Involuntary Medication

The Supreme Court has recognized liberty interest in freedom from unwanted antipsychotic drugs.  <u>Washington v. Harper</u>, 494 U.S. 21. 221022 (1990).  For those inmates convicted of, or awaiting trial, for example, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." <u>United States v. Loughner</u>, 672 F.3d 731, 745 (9th Cir. 2012)(quoting <u>Harper</u>, 494 U.S. at 222).  To comport with due process, the government must show both the need for, and medical appropriateness of, antispsychotic medication.  <u>Riggins v. Nevada</u>, 504 U.S. 127, 135 (1992).  However, here Plaintiff is neither a convicted inmate nor a pretrial detainee.  Thus, it is not clearly established that the above laws apply to a patient who is civilly committed because of mental infirmities.  See <u>Hydrick v. Hunter</u>, 556 U.S. 1256 (2009).  At least one court has concluded that the standards discussed in <u>Harper</u> strike the appropriate balance for civilly committed patients, such as Plaintiff.  See <u>Jurasek v. Utah State Hosp.</u>, 158 F.3d 506, 511 (10th Cir. 1998).  Specifically, the Court held that "the Due Process Clause allows a state hospital to forcibly medicate a mentally ill patient who has been found incompetent to make medical decisions if the patient is dangerous to himself or others and

the treatment is in the patient's medical interests." Id.  To the extent that involuntary medication is court-ordered, Plaintiff's remedy may be to challenge the order in the court where it was issued.

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claim arises from  being involuntarily medicated pursuant to a court order.  Plaintiff's  claims is that the order is based upon falsehoods and is therefore invalid.  Plaintiff's remedy is to challenge the order in the court where it was issued.  This defect cannot be cured by amendment.  Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 2, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE